UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| MARLO L. MOSQUEDA, | Case No. 15-cv-06082-KAW |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION FOR ATTORNEY'S FEES** |
| COMMISSIONER OF SOCIAL SECURITY, | Re: Dkt. No. 28 |
| Defendant. | |

Plaintiff Marlo L. Mosqueda brought this action seeking review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant"). After Plaintiff filed her motion for summary judgment, the parties stipulated to remand of the case. (Dkt. Nos. 21, 24.) The Commissioner ultimately granted Plaintiff's application for benefits, entitling her to $66,068.70 in retroactive benefits. (Mot. for Attorney's Fees at 3, Dkt. No. 28.) Plaintiff's counsel, Cyrus Safa, now brings a motion for attorney's fees under 42 U.S.C. § 1383(d)(2)(B), seeking an award of $10,000 in fees. (*Id.* at 1.) The Court deems the matter suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b). Having considered the papers filed by the parties and the relevant legal authority, the Court GRANTS the motion, for the reasons set forth below.

## I. BACKGROUND

### A. Factual background

Plaintiff applied for Title II and Title XVI Disability Insurance Benefits ("DIB"). (Compl. ¶ 3, Dkt. No. 1.) The Social Security Administration ("SSA") denied her application, and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (Compl. ¶¶ 6-7.) The ALJ issued an unfavorable decision, and the Appeals Council denied Plaintiff's request for review.

(Compl. ¶¶ 7-8.)

On January 28, 2015, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). (Compl. ¶ 3.) On August 26, 2016, Plaintiff filed her motion for summary judgment. (Dkt. No. 21.) On September 23, 2016, the parties stipulated to remand for further proceedings, and remand was granted on September 27, 2016. (Dkt. Nos. 23, 24.)

On November 29, 2016, the parties stipulated to the payment of attorney's fees and costs under the Equal Access to Justice Act ("EAJA") in the amount of $3,500. (Dkt. No. 26.) The $3,500 has been received by counsel. (Mot. for Attorney's Fees at 3.)

On January 31, 2019, Plaintiff's counsel filed the instant motion for attorney's fees, seeking $10,000 less the EAJA fee previously awarded, for a total of $6,500. (Mot. for Attorney's Fees at 3.) Plaintiff's request is based on a contingent fee agreement with Plaintiff that permits Plaintiff's counsel to seek 25% of past-due benefits for work performed before the SSA and the courts. (Plf.'s Mot. at 4; *see also* Safa Decl., Exh. 1, Dkt. No. 28-1.) The Commissioner filed a response on February 14, 2019, taking no position on the reasonableness of the request. (Def.'s Resp. at 1, Dkt. No. 29.) No reply was filed, nor was an opposition received from Plaintiff.

## II. LEGAL STANDARD

42 U.S.C. § 1383(d) governs the payment of representative fees for Supplemental Security Income benefits. These regulations track those for the award of attorney's fees under 42 U.S.C. § 406. 42 U.S.C. § 1383(d)(2)(A) ("The provisions of section 206 [42 U.S.C. § 406] . . . shall apply to this part").

42 U.S.C. § 406(b) governs fees for the representation of a claimant before the court, which is not to exceed "25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A). When reviewing a motion for attorney's fees, the Court begins its analysis "by looking first to the contingent-fee agreement, then testing it for reasonableness." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). In assessing the reasonableness of the fee agreement, the Court considers "'the character of the representation and the results the representative achieved.'" *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (quoting *Gisbrecht*, 535 U.S. at 808). Thus, the Court may apply a downward adjustment in

2

1  the event of "substandard performance, delay, or benefits that are not in proportion to the time
2  spent on the case." *Id.* While the Court is not to start with a lodestar analysis, it may use the
3  lodestar analysis as an aid (but not a baseline) to assess the reasonableness of the fee. *Id.*

### III. DISCUSSION

Plaintiff signed a contingent fee agreement that allowed Plaintiff's counsel to recover "a fee no greater than 25% of the past-due benefits owed" for representation before both the administration and the courts. (Safa Decl., Exh. 1.) Plaintiff's counsel seeks $10,000, or 15.14% of the $66,068.70 awarded to Plaintiff in past-due benefits. (Mot. for Attorney's Fees at 5.)

The Court finds that the amount sought by Plaintiff's counsel is reasonable. First, the results obtained by Plaintiff's counsel were good, as Plaintiff's motion for summary judgment was followed by a stipulation for remand. (Dkt. Nos. 21, 23.) On remand, the Commissioner granted Plaintiff Title XVI benefits. (Mot. for Attorney's Fees at 3.) Second, the record reveals no undue delay or substandard performance that would warrant a downward adjustment. No extensions were requested, and the case was resolved in less than a year. Third, the amount sought is consistent with the cap set by Congress in § 406(b), and is not disproportionate to the time spent by Plaintiff's counsel in this action. Plaintiff's counsel spent 20.8 hours on this case, representing an effective rate of $480.77/hour. (*See* Safa Decl., Exh. 4.) This rate is comparable with rates awarded by other courts in this district. *Compare with Lopez v. Astrue*, Case No. 07-2649-PJH, 2011 WL 196885, at \*4 (N.D. Cal. Jan. 20, 2011) (finding reasonable a $14,778 award for 33.45 hours of attorney work, an effective rate of $441.79/hour); *Goodbar v. Colvin*, Case No. 11-cv-4572-SI, 2015 WL 6674548, at \*1 (N.D. Cal. Nov. 2, 2015) (awarding effective hourly rate of $772.09).

The Court will also deduct the EAJA award from the $10,000 sought by Plaintiff's counsel. In general, the Court must offset the § 406(b) attorney's fee award by any EAJA fee award. *Gisbrecht*, 535 U.S. at 796. This was to "'prevent attorneys from receiving double recovery under both the EAJA and § 406(b).'" *Boissiere v. Astrue*, No. C-09-02081 JCS, 2011 WL 1045170, at \*4 (N.D. Cal. Mar. 22, 2011) (quoting *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1272 (11th Cir. 2010)). Here, Plaintiff's counsel received the $3,500 in attorney's fees under the EAJA.

(Mot. for Attorney's Fees at 3.)

## IV. CONCLUSION

For the reasons stated above, the motion is GRANTED. The Court awards fees in the amount of $10,000 less the EAJA fee of $3,500, for a total of $6,500.

IT IS SO ORDERED.

Dated: March 7, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge